UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARK ANTHONY WALKER, on his own
behalf and others similarly situated,

    Plaintiff,

CASE NO.:

08-80382

MAGISTRATE JUDGE
JOHNSON

CIV-MIDDLEBROOKS

v.

KOLTER PROPERTY MANAGEMENT, LLC
A Florida Limited Liability Company

    Defendant.
_____/

FILED BY _____ D.C.

APR 14 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## COMPLAINT

1. Plaintiff, MARK ANTHONY WALKER ("Plaintiff"), was an employee of Defendant, KOLTER PROPERTY MANAGEMENT, LLC, a Florida limited liability company ("Defendant" or "KOLTER PROPERTY MANAGEMENT") and brings this action on behalf of himself and other similarly situated employees and former employees of Defendant for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b)("the Act"). Plaintiff performed construction work ("assistant superintendent") in Seminole County, Florida.

2. Defendant, KOLTER PROPERTY MANAGEMENT, is a Florida limited liability company with its principal place of business in West Palm Beach, Florida and conducted/does business throughout Florida while and Texas Plaintiff was working for Defendant. This Court has jurisdiction over his claims.

3. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The annual gross sales volume of KOLTER PROPERTY MANAGEMENT was in excess of $500,000.00 per annum.

5. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendant, and in regard to each Plaintiff joining this lawsuit.

6. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendant, who on or after April 2005 worked overtime hours in the capacity for some portion of their employment as "assistant superintendents/builders", but who were misclassified as exempt despite their primary duties being that of a non-exempt employee and thus deserving of overtime compensation.

7. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-209, in that Plaintiff and similarly situated employees performed services for Defendant for which no provisions were made by the Defendant to properly pay Plaintiff and similarly situated employees for those hours worked in excess of forty within a work week.

8. Plaintiff's employment with Defendant provided for salaried compensation. Plaintiff was not paid one and one-half of his regular rate of pay for his hours worked in excess of forty per week.

9. In the course of employment with Defendant, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks. Plaintiff and those similarly situated to him worked in excess of forty (40) hours per week during one or more work weeks.

10. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendant.

11. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

12. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 11 above.

13. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

3

14. By reason of Defendant's intentional, willful and unlawful acts all Plaintiffs (Plaintiff and the similarly situated employees) have suffered damages plus incurring costs and reasonable attorney's fees.

15. As a result of Defendant's willful violation of the Act, all Plaintiffs (Plaintiff and the similarly situated employees) are entitled to liquidated damages.

16. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MARK ANTHONY WALKER, and similarly situated employees who have or will opt into this action, demand judgment against Defendant, KOLTER PROPERTY MANAGMENT, LLC, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: April 10, 2008
Boca Raton, Florida

_____
RICHARD CELLER, ESQ.
FL Bar No.: 0173370
Morgan & Morgan P.A.
7450 Griffin Road, Suite 230
Fort Lauderdale, FL 33314
Tel: 954-318-0267
Fax: 954-333-3515
rceller@forthepeople.com

Respectfully submitted,

_____
GREGG I. SHAVITZ, ESQ.
FL Bar No.: 0011398
Shavitz Law Group, P.A.
1515 South Federal Hwy, Suite 404
Boca Raton, FL 33432
Tel: 561-447-8888
Fax: 561-447-8831
gshavitz@shavitzlaw.com

4

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Mark Anthony Walker, individually and on behalf of others similarly situated

MAGISTRATE JUDGE JOHNSON

### DEFENDANTS
KOLTER PROPERTY MANAGEMENT, LLC, a Florida limited liability Company,

**(b)** County of Residence of First Listed Plaintiff: Seminole
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: West Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Shavitz Law Group, P.A.; 1515 South Federal Hwy, Suite 404, Boca Raton, FL 33432, Tel: 561-447-8888

08-80382

CIV-MIDDLEBROOKS

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

9:08cv80382-middlebrooks johnson

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

FILED BY _____ D.C.
APR 14 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☑ YES ☐ NO
JUDGE: _____   DOCKET NUMBER: 78-81019

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 USC 216(B) Action for Unpaid Overtime Wages

LENGTH OF TRIAL via __3__ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE: April 10, 2008

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # _____ IFP _____

542773